[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PREJUDGMENT REMEDY
Suffice it to say that the central issue in this case is whether or not the defendant Hamilton Arts Incorporated and its president, James A. Pappas had the right to grant a security interest in and to the collateral set forth on Exhibit #5 entitled Security Agreement.
James Pappas, the president of Hamilton Arts is the brother of T. Peter Pappas. Over the years they have had many business dealings and have used many business entities during the course of time that they were either working together or separate and apart. It appears to this court that the best evidence is that, at the time the paintings in question were pledged, they in fact, were not owned by Hamilton Arts, Inc. The three paintings on the Security Agreement were (1) Nature's Bounty, (2) The Diving Raft and (3) The Alto Puru being Saint Nicholas of Myra. Although the record keeping can at best be described as loose, it appears that there is probable cause to believe that prior to the three paintings being pledged as security they were owned by Mary Louise Pappas, the wife of T. Peter Pappas. Therefore the paintings were not subject to the Security Agreement.
The Security Agreement is dated as of December 14, 1992. The promissory note is also dated December 14, 1992. See Exhibits #3 and #4. The court notes that in all of the documents concerning the loan, T. Peter Pappas' signature does not appear. He did not sign the Security Agreement, he did not sign the Promissory Note, he did not sign the Certificate of the Secretary, he did not sign the Affidavit of Pappas Enterprises (Exhibit D), nor did he sign any of the Security Agreements recorded in the various state offices.
The court finds that there is not probable cause to sustain the validity of Ali Inc.'s claim that Hamilton Arts owned the three paintings at the time the Security Agreement was entered into. CT Page 10774
The court finds that in June and July of 1993, certain promissory notes were entered into by Atlantic Maritime Limited to Mary Louise Pappas. This was a company under the control of T. Peter Pappas. The court finds that those notes had a Security Agreement which referenced a Texaco arbitration claim as security. Those were Exhibits M and N. Thereafter, by Exhibit L, Atlantic Maritime sold the three artworks in question, the Diving Raft, Saint Nicholas of Myra and Nature's Bounty — a pair of still lifes to Mary Louise Pappas in exchange for the forgiveness of those notes and cancellation thereof. Those were the notes referred to as Exhibit M and N. Thereafter, in September of 1994, see Exhibit O, Mrs. Peter Pappas (Mary Louise Pappas) sold the "Nature's Bounty" the Severin Roesen Floral Still Life. This court finds that she was owner at the time of the Security Agreement and therefore she could not be bound by the note or Security Agreement signed by the defendant Hamilton Arts.
The evidence establishes that at the time of the note and security agreement the three works of art were not in the control or possession of Hamilton Arts.
Accordingly, the prejudgment remedy sought for replevin is denied.
KARAZIN, J.